(56 Misc. Rep. 67.)

### REYNOLDS v. BRITTON et al.

(Supreme Court, Special Term, New York County.    September, 1907.)

MORTGAGES—FORECLOSURE—DISTRIBUTION OF SURPLUS.

Real estate of a decedent was sold under a judgment of foreclosure more than three years after grant of letters to his executrix. *Held*, that the property was not liable for the payment of decedent's debts, under Code Civ. Proc. § 2750, providing for sale of realty to pay debts within three years, and the surplus money could be distributed in the usual manner without being paid into the Surrogate's Court.

Action by Thomas L. Reynolds against Ruth Britton and others to foreclose a mortgage. On motion to vacate order of reference in surplus proceedings. Denied.

See 92 N. Y. Supp. 2, 102 App. Div. 609.

Charles F. Brandt, for creditor.

Robert J. Mahon, for claimants.

BRADY, J.   This action was commenced to foreclose a mortgage upon real estate, and the premises were sold pursuant to decree of foreclosure and sale on the 24th day of July, 1906, resulting in a surplus of $1,021.81, which was deposited with the city chamberlain on the 2d day of April, 1907. By order of the court, entered herein on April 5, 1907, a referee was appointed to ascertain and report, etc., in the usual surplus proceeding. The mortgagor died seised of the mortgaged premises, and letters testamentary upon his estate were issued to the defendant executor by a surrogate of the county of New York, January 8, 1903. This motion is made to vacate said order of reference in surplus proceedings and to set aside all proceedings thereunder on the ground that this court had no jurisdiction over said surplus moneys under sections 2798 and 2408 of the Code of Civil Procedure.

Section 2408 refers to surplus moneys arising on sale of property in proceedings for foreclosure by advertisement, and has no application to the facts in the case at bar. Section 2798, as it existed at the time of said sale in July, 1906, read as follows, viz.:

"Where real property, or an interest in real property, liable to be disposed of as prescribed in this title, is sold, in an action or a special proceeding, specified in the last section, to satisfy a mortgage or other lien thereupon, * * * and letters testamentary or letters of administration, upon the decedent's estate, were, within four years before the sale issued from a Surro-

gate's Court of the state, having jurisdiction to grant them; the surplus money must be paid into the Surrogate's Court."

To determine whether the property sold in this action was liable to be disposed of under title 5, c. 18, of the Code referred to in said section, we find that such liability is fixed by section 2750, which is included in said title, and which provides that at any time within three years after letters were first granted upon the estate of a decedent an executor or administrator may apply to the surrogate for a decree directing the disposition of the real estate of the decedent for the payment of his debts, etc. The decedent's real estate is, therefore, only liable to be sold, within the meaning of section 2798, during the three years next succeeding the issuance of letters testamentary, as provided in section 2750; and as the sale in this action was made more than three years after the issuance of letters on the estate of decedent, and no proceedings had been brought within that period for the disposition of the property pursuant to section 2750, it necessarily follows that at the time of the foreclosure sale herein the property was not liable to be disposed of under section 2750, and the surplus moneys arising thereon were not subject to the provisions of section 2798, and were properly paid to the city chamberlain in this court, which properly retains jurisdiction of their disposition. The order of reference in surplus proceedings was, therefore, properly made.

Motion denied, without costs. Settle order on notice.